STATE ex DURCZYNSKI v. MEYER et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1713.   Decided June 1, 1926

685.. JUSTICE OF THE PEACE—In an action for mandamus, township trustees will not be compelled to approve official bond of a justice of the peace unless the bond tendered complies substantially with the law.

RICHARDS, J.

This original action in mandamus was brought against the trustees of Adams Township by the State on the relation of Vincent Durczynski to compel them to approve the official bond of the relator as justice of the peace of said township.

It was alleged that Durczynski was elected to the office of justice of the peace in November 1925 and that he has tendered to the trustees, bonds to secure the faithful pedformance of his duties as such justice; but that these bonds have been rejected.

The trustees demurred to relator's petition and the Court of Appeals in sustaining the demurrer, held:

1.   Relator's petition alleges that he is and has been since February 1925, a bona fide resident of Adams Township; but it does not aver that he was a duly qualified elector of the township.

2.   Article 15, Sec. IV, of the Constitution of Ohio provides that no person shall be elected to any office unless he possess the qualifications of an elector.

3.   Although the relator may have been a resident in February, he would not be in November, an elector; and the trustees may have rejected his official bond for that reason.

4.   The petition alleged that the sureties on the first bond tendered by him made affidavit that they were worth $1,000 but it is not averred that they were worth that or any amount or that they were qualified as sureties.

5.   In an action for mandamus the court will not compel township trustees to approve the official bond unless it appears that the

bond tendered, complies substantially with the law.

Demurrer sustained.

Attorneys—L. P. Smith for State ex; Seavey, A. C. Moor and Wesley Thurstin for Meyers et; all of Toledo.